BLD-206                                                       NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4546
_____

TSHEPO MAPHORISA,
                                        Appellant

v.

JOHN P. DELANEY, Warden,
Curran-Fromhold Correctional Facility, Philadelphia, Pennsylvania
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-09-cv-02689)
District Judge:  Honorable Jan E. DuBois
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 9, 2011
Before:  SLOVITER, JORDAN and GREENAWAY, JR., Circuit Judges

(Opinion filed: June 15, 2011)
_____

OPINION
_____

PER CURIAM

        Tshepo Maphorisa, formerly confined at the Curran-Fromhold Correctional

Facility ("CFCF") in Philadelphia, Pennsylvania, appeals from an order of the District

1

Court dismissing as legally frivolous his pro se civil rights complaint. For the reasons that follow, we will summarily affirm the District Court's judgment.

Maphorisa filed a complaint, later supplemented by what he called a "Traverse Motion," alleging that he had been unlawfully detained in the CFCF on five separate occasions between March 2009 and March 2010 after he had posted bail or been paroled. Maphorisa sought money damages for "emotional torture and stress" suffered during each day of allegedly illegal detention. At a pretrial conference, the District Court ordered the warden of the CFCF to provide details describing the circumstances of Maphorisa's detention. In response, the warden filed a report, along with custody and criminal docket records. The warden explained that during each of the disputed periods of incarceration, Maphorisa had been detained primarily at the York County Prison in the custody of federal immigration authorities. Those authorities, however, would "effectively loan [Maphorisa] out to Philadelphia County for his local matters that were still pending." Thus, according to the warden, "in each instance [where Maphorisa] resolved a matter in the Philadelphia courts, he was released back to York County for his federal detainer for the immigration issues." Maphorisa submitted a response to the warden's report, but did not deny any of the material facts. Instead, Maphorisa maintained that his detention at the CFCF was unlawful under 8 C.F.R. § 287.7(d), a federal regulation pertaining to immigration detainers.

The District Court dismissed the complaint as frivolous under 28 U.S.C.

§ 1915(e). According to the District Court, because Maphorisa was already in the primary custody of immigration authorities, the regulations pertaining to detainers were inapplicable to him. Maphorisa appealed. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Our review is plenary. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

"A detainer serves to advise another law enforcement agency that the Department [of Homeland Security] seeks custody of an alien presently in the custody of that agency, for the purpose of arresting and removing the alien." 8 C.F.R. § 287.7(a). As noted, Maphorisa's claim relied exclusively on § 287.7(d), which provides that "[u]pon a determination by the Department to issue a detainer for an alien not otherwise detained by a criminal justice agency, such agency shall maintain custody of the alien for a period not to exceed 48 hours, excluding Saturdays, Sundays, and holidays in order to permit assumption of custody by the Department." Maphorisa complained that, after he posted bail or was granted parole, the warden unlawfully detained him at the CFCF for over 48 hours. We disagree. As the warden's report and state criminal records demonstrate, Maphorisa was not subject to a detainer issued by the Department of Homeland Security during his incarceration at the CFCF. Rather, Maphorisa had been transferred from immigration custody to the CFCF pursuant to what were essentially state writs of habeas corpus ad prosequendum. Thus, the regulations pertaining to detainers issued by federal immigration authorities are inapplicable. Cf. United States v. Mauro, 436 U.S. 340, 358

(1978) (distinguishing between a detainer and a writ of habeas corpus ad prosequendum); Rios v. Wiley, 201 F.3d 257, 274 (3d Cir. 2000) ("[A] prisoner detained pursuant to a writ of habeas corpus ad prosequendum remains in the primary custody of the first jurisdiction unless and until the first sovereign relinquishes jurisdiction over the prisoner.").

Because the appeal does not present a substantial question, we will summarily affirm the District Court's dismissal of Maphorisa's complaint.